DECISION AND JUDGMENT ENTRY
In 1989, appellant, David E. Lewis, was convicted of the rape of his stepdaughter, based on an incident that occurred in 1978. In December 1999, appellant filed a motion for leave to file a delayed motion for a new trial based on newly discovered evidence. The trial court overruled the motion and appellant filed a timely notice of appeal setting forth the following assignment of error:
 The Trial Court abused its discretion by denying Appellants (sic) Motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(B).
The state has not filed a reply to appellant's brief.
Crim.R. 33(B) provides:
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
In State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus, the Ohio Supreme Court held:
 A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion.
An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, the court defined "clear and convincing evidence" as:
 * * * [T]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Attached to the appellant's motion are two affidavits of an investigator with the Lawrence County Prosecutor's Office dated September 1989, which summarized the investigation of the rape and further states that the investigator was threatened by an assistant prosecuting attorney and never called as a witness during appellant's trial. The foreman of the jury at appellant's trial submitted an affidavit dated October 1989, relating allegations of jury misconduct and stating that he now had reasonable doubts as to appellant's guilt. In May 1998, appellant's brother provided an affidavit as to comments he alleges were made by prospective jurors during voir dire that he claims biased the panel against appellant. In an affidavit dated in 1993, Phillip Elliott, a Deputy Sheriff with the Lawrence County Sheriff's Office, stated that another deputy sheriff had suggested that, at an unspecified time, Elliott shoot appellant. Appellant provided two affidavits of his own, one summarizing the other affidavits he had submitted and the other asserting a conspiracy between jurors, judges, probation officers, the county prosecutor of Lawrence County, and the sheriff's office, of Lawrence County, all with the purpose of convicting him. Appellant also attached newspaper articles pertaining to his trial counsel, partial transcripts of a trial, and a transcript of a telephone conversation that allegedly occurred between appellant's wife and his appellate counsel in 1990.
Assuming arguendo some of the above constitutes proper evidence, the dates on the affidavits clearly indicate that all these materials were available to appellant for sometime before his December 1999 motion was filed. Appellant has submitted nothing to show by clear and convincing evidence that he was unavoidably prevented from the discovery of this evidence and, therefore, has set forth no reason to demonstrate that he should not be held to the requirement that the motion be filed within one hundred twenty days of the date the verdict was rendered. Although appellant argues he could not present this evidence earlier because his parents' lives were threatened and they are now deceased, appellant has failed to state the date of their deaths. Likewise, appellant failed to present any evidence that such threats were made. We find that the trial court did not abuse its discretion in overruling appellant's motion for leave to file a delayed motion for a new trial. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Bryant and Deshler, JJ., Concur in Judgment and Opinion.
 For the Court BY: _____________________________ DONNA BOWMAN, PRESIDING JUDGE
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutesa final judgment entry and the time period for further appealcommences from the date of filing with the clerk.
Donna Bowman, P.J., Peggy Bryant and Dana A. Deshler, JJ., of the Tenth Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.